## EUNSON *v.* DODGE.

Where a person during the original term of a patent bought from one who had no right to sell it, a machine which was an infringement of the patent, and afterwards himself bought the patent for the county where he was using the machine, *held* that on an extension of the patent the owners of the extension could not recover against him for using the machine after the original term had expired; but that such purchase of the interest in the patent, removed, as to the purchaser, all disability growing out of the wrongful construction of the machine then used by him, and rendered the use of it legal.

APPEAL from the Circuit Court for the Southern District of New York; the case being this:

On the 23d of May, 1854, the United States granted to Myers et al. a patent for a sawing machine for fourteen years, in other words, till the 23d of May, 1868.

About two years after the grant of the patent, that is to say, in April, 1856, the patentees assigned to one Schureman, for himself, his legal representatives, and assigns, all their right, title, and interest in and to the same for, in, and to Hudson County, New Jersey, to the end of the term for which the patent had been granted.

In May, 1865, and subsequently to the assignment just mentioned, Dodge & Co., a firm of the same Hudson County, New Jersey, already mentioned, bought from strangers *who had no right or license to make or vend it* a sawing machine which was an infringement of the patent. Dodge & Co. used this machine for about fifteen months, in good faith and without knowledge that it was an infringement. When receiving notice from Schureman that it was so, and that he was assignee of the patent for Hudson County, they, on the 22d of September, 1866, purchased of him the letters and all his right and interest therein for the said county. This invested them, of course, with all the rights of the patentee, for Hudson County, during the term of the patent, in other words, till the 23d of May, 1868.

On the 13th of May, 1868, after the transfer by the paten-

tees to Schureman and by him to Dodge & Co., the patent was extended to Myers and the other patentee, from the 23d of May, 1868, until the 23d of May, 1875.

Their right in this extension these parties transferred to Eunson et al.

Hereupon, in July, 1871, these last-named parties finding that Dodge & Co. were still using this machine, originally made as already said, *without license and unlawfully*, and conceiving that in thus using it, after the date when the original patent had expired and in the term of the extension which had been assigned to *them*, Dodge & Co. were infringing their rights, filed this bill to enjoin the use and to recover compensation.

Dodge & Co. set up that they were protected in the use of the machine by the terms of the eighteenth section of the Patent Act of July 4th, 1836. That act, after providing for renewals or extensions, enacts that—

"The benefit of such renewal shall extend to assignees and grantees of the right to use the thing patented, to the extent of their interest therein."

The court below held that the defendants were thus protected, and a decree having been given accordingly, the complainants brought the case here.

*Mr. F. H. Betts, for the appellants:*

We concede that if the defendant's machine had been one which was *lawfully* constructed by or purchased from the patentees or their assignees, the defendants would be protected under the rule established in *Wilson* v. *Rousseau*,[*] and other cases in this court.[†]

This rule is founded upon the doctrine stated in one of these cases,[‡] that the patentee should "be entitled to but one royalty for a patented machine, and consequently when

---

[*] 4 Howard, 646.

[†] Bloomer *v.* McQuewan, 14 Howard, 539; Chaffee *v.* Boston Belting Company, 22 Id. 217, 223; Bloomer *v.* Millinger, 1 Wallace, 340.

[‡] Chaffee *v.* Boston Belting Company.

a patentee has himself constructed the machine, or author-ized another to construct and sell it, or to construct and use and operate it, and the consideration has been paid to him for that right, he has then to that extent parted with his monopoly and ceased to have any interest in the machine." By the lawful sale of a machine, the right to use it has passed to the purchaser in perpetuity, or so long as the machine exists.

But this case is distinguished from the cases referred to by the absence of the very fact that in each of those cases brought these defendants within the permission of the statute, viz., the fact that the machine had been "lawfully made," and the patentee had sold it, and with it *ipso facto* the perpetual right to use it; in the present case the defendant's machine was not "lawfully made." It was "built and sold without right or license under said patent." The patentees never have been paid for the perpetual right to use it. The defendants, therefore, do not come within the terms of the eighteenth section, as construed by this court.

*Mr. S. D. Law, contra.*

Mr. Justice HUNT delivered the opinion of the court.

This court has decided many times that the eighteenth section of the Patent Act of 1836 gives to an assignee of the patent during the original term the right to continue during the extended term the use of a machine used by him during the original term.*

The complainants seek to distinguish the present from the cases cited in this manner: In those instances they say the machines were lawfully constructed by the patentees, or purchased from the patentees or their assignees, whereas the machine purchased by the defendants in this case was not a lawfully made machine, and was never purchased from the owner of the patent.

---

* Wilson v. Rousseau, 4 Howard, 646; Bloomer v. McQuewan, 14 Id. 539; Chaffee v. Boston Belting Company, 22 Id. 217; Bloomer v. Millinger, 1 Wallace, 340.

We are of the opinion that this distinction is not well taken.   That the purchase of the machine was made from an infringer, and a wrong done, is true.   When informed of the offence, the purchaser at once corrected the evil by purchasing the entire right of the patentees for the county where his machine was then used, and where it has since been used.   This was equivalent to an original lawful purchase or manufacture of the machine.   By the purchase of the right for Hudson County, and from the moment of that purchase, the defendants held and used the machine by a lawful title, as perfect and complete against the patentees as if the original purchase had been from them.   They then became, in the language of the statute, "grantees of the right to use the thing patented," so continued to the time of the expiration of the original patent, and the right so to use was, in the further language of the statute, "the extent of their interest therein."

We are of the opinion that the decree of the Circuit Court was correct, and that it should be

AFFIRMED.

Mr. Justice STRONG took no part in this judgment, not having sat in the case.